Agrl Credit Co. v. Brown et ............18958
Bednar v. Community Trac Co........18955
Colavito v. State ......................18962
Conn Fire Ins. Co. v. Eisenzimmer ......18961
Jensen v. Royal Ins. Co.................18963
Ohio Gas & Elect Co v. Tirey ...........18957
N. Y. Cent. Ry. v. Frank Kish..........18960
Wakefield State Bank v. Geesey .......18959

### February 13

18955—Teresie Bednar, Bohumil Zak Libbie Diesner, Tony Diesner and Van Svarc, as Administrator of Mary Foreit, v. Albert Foreit; Cuyahoga Appeals; motion to certify. Van Svarc and C. W. Toland, Cleveland, for defendant.

18957—Ohio Gas & Electric Co. v. Carl Tirey by Maggie Thomas, his next friend; Butler, Appeals; motion to certify. B. F. Harwitz, Middletown, W. C. Shepard, Hamilton, and L. K. Langtown, Cincinnati, for plaintiff; Anderws, Andrews & Rogers, Hamilton, for defendant.

### February 14

18958—Agricultural Credit Co et al v Linn Brown, Sheriff, etc., and F. C. Welbur and R. J. Walsh, Darke Appeals—Motion to certify. Mannix, Crawford & Billingsly, Greenville, and Chatting & Wise, Union City, Ind., for plaintiffs; Lee Kerlin and Jno. M. Hoel, Greenville, and L. L. Taylor, Union City, Ind., for defendants.

18959—Wakefield State Bank v. Satie Geesey John U Geesey, as Executor of William H. Geesey, and nine others. Williams Appeals—Motion to certify. H. Thane Bauman and Ritter & Schminck, Toledo, for plaintiff; A. L. Gebbard, Bryan and W. H. Shinn, Montpelier, for defendants.

18960—New York Cent Railroad Co v. Frank Kish, Jr, by Frank Kish, Sr., his next friend. Jcfferson Appeals—Motion to certify. Ernest L. Finley, Steubenville, for plaintiff; Rogers & Cohen, Steubenville, for defendant.

### February 15

18961—Connecticut Fire Ins Co. v. George Eisenzimmer. Summit Appeals; Motion to certify. Mather, Nesbitt & Wilkie, Akron, and Mooney, Bibbee & Edmonds, Columbus, for plaintiff; May & May, Akron, for defendant.

18962—Emma Colavito v. State of Ohio; Cuyahoga Appeals; Motion to certify. Bernsteen & Bernsteen, Cleveland, for plaintiff; E. C. Stanton, Pros. Atty, Cleveland, for defendant.

18963—Alfred Jensen and Royal Insurance Co. Ltd., v. Cleveland Railway Co.; motion Cuyahoga Appeals to certify. Duffey & Duffey, and Day & Day, Cleveland, for plaintiffs; Squire, Sanders & Dempsey, Cleveland, for defendant.

## PROCEEDINGS OF
## SUPREME COURT

## WEEKLY REPORT OF
### CASES DECIDED
### TUESDAY, FEBRUARY 17, 1925.

### INDEX OF CASES DECIDED
#### GENERAL DOCKET

State Ex Katz v. Am Mortg Co........18897

#### MOTION DOCKET

Becker Exr v. Fisher..................18385
Emery v State ......................18914
Kirchner v. Russell ...................18865
State v. Feranto ...................18916

### SUPREME COURT OF OHIO
#### GENERAL DOCKET

18897—State, ex rel. Rhea Katz, v. The American Mortgage Co. In Mandamus. Dismissed without record and without prejudice on motion of relator and at her costs. Dock 1-5-95, 2 Abs. 18.

#### MOTION DOCKET

18385—Oren D Becker, Extr. v. Edwin C Fisher el al. Motion by plaintiff to strike from files app for rehearing. Overruled. OS 3 Abs. 8; see conc.

18865—T. H. Kirchner v. Russell Walter, Treas. Delaware County. Motion to certify—Delaware appeals; OS Pend, 3 Abs. 115.

18914—Charles S Emery v. State. Motion for leave to file pet in err to Lucas Appeals. Overruled. Dock 1-16, 1925, 3 Abs. 50; OA 3 Abs 62.

18916—State of Ohio v. Cosmo Ferranto. Motion by defendant to strike from files motion for leave to file pet in err. Overruled. Dock 1-16, 1925, 3 Abs. 50; Mo. to file Pet. err., allowed, 3 Abs. 114.

## Weekly Abstract of
## PENDING CASES

### No. 196
### McWILLIAMS & SCHULTE v. ROTH PACKING CO. Et
### No. 18857. Supreme Court.

Pending on motion to direct Hamilton Appeals to certify record. Dock. Dec. 11, 1924. 3 Abs. 2.

313. CORPORATIONS—1. If organized in another state, but does not comply with Ohio laws, and obtain authority to do business in this state, is its conveyance void, as to creditors?

2. Does its failure to comply with Ohio "Blue Sky Law" make its stock void?

3. Does a corporation holding all the common stock of another kindred and competing

corporation, constitute its act ultra vires and void as to creditors?

The John C. Roth Packing Co. and the Abattoir Co. were engaged in business in Cincinnati. It is alleged by McWilliams that in March 1920, the Abattoir Co. bought all the common stock of the Roth Co. for $150,000 and also assumed its indebtedness in the sum of $200,000, and held and used it for purposes of its own. In May 1922 it went into the hands of receivers. It was declared to be in a bad financial condition and needed additional funds, for no dividends had been paid on the Roth common stock, or earned on preferred. That as a means to a financial end, the Central Warehouse and Refrigeration Co., was formed by the Abattoir Co., incorporated under the laws of Delaware with 10,000 shares of no par value stock and $1,500,000 of preferred stock drawing 10% dividend payable monthly. The creators of this company were alleged to have been officers and agents of the Abattoir Co.

In accordance with a pre-arranged plan the Roth Packing Co. was conveyed to the Warehouse Co. and the only consideration running to the Abattoir Co. was the no-par stock delivered to the Roth Co. As a part of the alleged plan, the Warehouse Co. loaned the Abattoir Co. the proceeds of the sale of its "Class A" preferred stock, which was about $850,000. As Security the Abattoir Co. was supposed to deposit meats with the Roth Packing Co. which were to have a value of 10% in excess of the money loaned. Later a shortage of $6000 was discovered in the aggregate of the meats delivered to the Roth Packing Co.

All these facts among many others, as claimed, go to show that the Abattoir Co. controlled the Roth Co. against which McWilliams and Schulte, averred they had a claim for merchandise. A final judgment was recovered by them in the Hamilton Common Pleas and they brought an action to have the conveyance from the Roth Co. to the Warehouse Co. set aside and to declare the same fraudulent and void and, by equitable process, to subject assets claimed to be liable for the payment of their debts, but which had been placed beyond the ordinary process of the law. The Court of Appeals decreed the equities in favor of the Roth Packing Co. and the Warehouse Co. The questions involved in this case for consideration by the Supreme Court are:

1. Where a corporation takes a conveyance of real estate, and makes a contract with an Ohio Corporation, is it not "doing business" in this state?

2. If no certificate of compliance with Ohio law is obtained from the Secretary of State, is not the contract and the conveyance void under 5508 GC?

3. Where stock is issued and disposed of without the permission of the Ohio Commissioners of Securities is not such stock and the disposition thereof void?

4. If corporation holds all the common stock of another alleged kindred and competing corporation, is not such an act ultra vires and void as against creditors?

Attorneys—Murrary Seasongood, Theo. Horstman, and Dorger & Dorger, for McWilliams; Maxwell & Ramsey and C. M. Leslie,